**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS KOVACH, ET AL.,** | ) | **CASE NO.1:07CV2584** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **ZURICH AMERICAN INSURANCE CO.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant Zurich American Insurance Company's ("Zurich") Motion for Partial Judgment on the Pleadings and Motion to Strike Jury Demand (ECF #19). For the following reasons, the Court grants Defendant's Motion.

Plaintiffs Thomas and Rebecca Kovach allege in their Complaint that Rebecca is a participant in the Keycorp Group Term Life Insurance and Accidental Death and Dismemberment Plan ("Plan") as an employee of KeyCorp. Thomas, her husband, is a named beneficiary under the Plan. On November 7, 2005, Thomas sustained serious injuries as a result of a motor vehicle accident in which Thomas was struck by a car while riding a motorcycle. As

1

a result of the accident, Thomas' left leg was amputated below the knee. The Plaintiffs' contend the Plan was in effect at the time of the accident and they made a timely application for benefits.

Upon receipt of the application, Zurich began an investigation into the matter and on March 29, 2006, denied coverage because it determined Thomas' injuries were "self-inflicted," based on a toxicology report showing Thomas' blood alcohol level was elevated at the time of the accident. On September 20, 2006, Zurich rejected Plaintiffs' appeal. Plaintiffs allege they have exhausted all administrative appeals.

Plaintiffs contend the denial of benefits was wrongful because the plain language of the policy does not preclude coverage for injuries when alcohol has been consumed.

On November 21, 2007, the Court granted Plaintiffs' Motion to Dismiss Defendant KeyCorp.

Defendant Zurich now moves for Partial Judgment on the Pleadings and seeks to strike the jury demand. Zurich contends Counts II, III and IV of Plaintiffs' Complaint should be dismissed and Plaintiffs' jury demand stricken. Zurich also asks the Court to dismiss any claim for punitive damages.

## LAW AND ANALYSIS

**Standard of Review**

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same legal standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. *Almendares v. Palmer*, 284 F.Supp. 2d 799, 802 (N.D. Ohio 2003). Therefore, as with a motion to dismiss, the Court must

test the sufficiency of the complaint and determine whether "accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege 'enough facts to state a claim for relief that is plausible on its face.'" *Ashmus v. Bay Vill. Sch. Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 62208 (N.D. Ohio 2007), *quoting Bell Atlantic Corp. v. Twombly*, U.S., 127 S.Ct. 1955, 1974 (2007). Claims alleged in the complaint must be "plausible," not merely "conceivable." *Id*. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). A rule 12(c) motion "is granted when ***no material issue of fact*** exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991) (emphasis added).

The Employee Retirement Income Security Act ("ERISA"), Section 502 (a), 29 U.S.C. §1132(a) states:

> A civil action may be brought-
>
> (1) by a participant or beneficiary
>
>> (A) for the relief provided in subsection (c) of this section [providing for liquidated damages for failure to provide certain information on request], or
>> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;
>
> (3) by a participant, beneficiary, or fiduciary

3

     (A) to enjoin any act or practice which violates any provision of this subchapter or  the terms of the plan, or

     (B) to obtain other appropriate equitable relief

      (i) to dress such violations or

      (ii) to enforce any provisions of this subchapter or the terms of the plan; ...

**Plaintiffs State Law Claims and Preemption**

As a threshold matter, Plaintiffs do not contest the dismissal of their state law claims under Counts III and IV of their Complaint. Nor do they contest dismissal of any punitive damages claim and the striking of their jury demand. Therefore, the Court dismisses as uncontested and abandoned Counts III and IV of Plaintiffs' Complaint and their punitive damages claim and orders stricken Plaintiffs' demand for a jury.

Each one of Plaintiffs' state law claims relates to the Plan and seeks recovery for failure to pay benefits under the Plan. The Court finds that even if not abandoned, Plaintiffs' claims under Counts III and IV are state law claims preempted by ERISA, including bad faith and breach of contract claims. *Pilot Life Ins. Co., v. Dedeaux,* 481 U.S. 41, 45 (1987) ("To summarize the pure mechanics of the provisions quoted above: If a state law "relate[s] to ... employee benefit plan[s]," it is pre-empted.") *Cromwell v. Equicor HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir. 1991) ("This circuit, too, has repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA."). See also *Tolton v. American Biodyne, Inc.* 48 F.3d 937 (6th Cir. 1995), holding state law insurance bad faith claim was preempted by ERISA.

Punitive damages are precluded by ERISA. *Pilot Life Ins. Co.,* 481 U.S. at 53-54 and

4

*Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 144-46 (1985). Also, there is no right to trial by jury under 29 U.S.C. §1132(a)(1)(B). *Brown v. National City Bank Corp.*, 166 F. 3d 1213 *3 (6th Cir. 1998).

**Breach of Fiduciary Duty**

The only contested issue is whether Plaintiffs' claim of breach of fiduciary duty in Count II is merely a restatement of their wrongful denial of benefits claim in Count I. Plaintiffs' Complaint at Count One alleges wrongful denial of benefits in violation of the Policy and ERISA. Defendant contends Plaintiffs' breach of fiduciary duty claim is merely a recasting of the wrongful denial of benefits claim and that such recasting is forbidden by applicable case law. At Count II of their Complaint, Plaintiffs allege breach of fiduciary duties under ERISA 29 U.S.C. §1132 (a)(3). The Complaint states, "...Defendant Zurich's actions in failing to pay Plaintiff's benefits and its arbitrary and capricious interpretation of the Policy were in violation of each and every one of its fiduciary duties..." (Complaint ¶ 31).

According to Defendant, the Sixth Circuit in *Wilkens v. Baptist Healthcare Systems, Inc.,* 150 F.3d 609, 616 (6th Cir. 1998), citing *Varity Corp. v. Howe,* 516 U.S. 489 (1996), held a plaintiff cannot simply recharacterize a denial of benefits claim as a breach of fiduciary claim. In fact, the Sixth Circuit in multiple opinions has held a claim for denial of benefits precludes a claim for breach of fiduciary duty under §1132(a)(3). *Marks v. Newcourt,* 342 F.3d 444, 454 (6th Cir.2003); *Julia v. Bridgestone/Firestone, Inc.,* 101 Fed.Appx. 27, 30 (6th Cir.2004); *Putney v. Medical Mutual of Ohio,* 111 Fed.Appx. 803, 806 (6th Cir.2004). *Moore v. Lafayette Insurance Co.,* 458 F.3d 416, 428 (6th Cir. 2006).

The Sixth Circuit has more recently recognized that a plaintiff may, in fact, maintain both

a denial of benefits claim and a breach of fiduciary duty claim in certain circumstances. In *Hill v. Blue Cross and Blue Shield of Mich.,* 409 F.3d 710 (6th Cir. 2005), the Sixth Circuit determined that a denial of benefits claim under §1132(a)(1)(B) does not preclude a §1132(a)(3) breach of fiduciary duty claim when the alleged breach of fiduciary duty involved improper methodolgy used by a third party administrator in handling the program's emergency medical treatment claims for all program participants. The Court reasoned that only injunctive relief, sought in the underlying class action and only available under §1132(a)(3), would afford complete relief, whereas an award of individual benefits under §1132(a)(1)(B) would not. In *Gore v. El Paso Energy Corp. Long Term Disability Plan,* 477 F.3d 833, (6th Cir. 2007), the Sixth Circuit held a plaintiff could pursue both a denial of benefits claim under §1132 (a)(1)(B) and a breach of fiduciary duty under §1132(a)(3) because plaintiff alleged a misrepresentation of the policy coverage, which stated a claim "distinct and unrelated to" his denial of benefits under 1132(a)(1)(B) claim. *Id.* at 841. The Sixth Circuit acknowledged, "[h]ad Gore alleged that Liberty breached its fiduciary duty, pursuant to § 1132(a)(3), for wrongful denial of benefits, under *Wilkins* the claim would be duplicative of his § 1132(a)(1)(B) claim." *Id.*

In this case, there is no allegation of misrepresentation in Plaintiffs' Complaint, nor is there any allegation of improperly applied methodology impacting other Plan beneficiaries. Rather, Plaintiffs allege the fiduciary breach is Defendant's failure to pay benefits and arbitrary and capricious interpretation of the Plan requirements that led to its decision not to pay benefits. Both these claims were asserted as the basis for Plaintiffs' wrongful denial of benefits claim in Count I of their Complaint. Furthermore, the Complaint does not seek injunctive relief. Rather it seeks unpaid benefits under the Plan in the amount of $125,000, fees, costs, punitive damages

and "such other relief as may be deemed just and appropriate by this Court." Because Plaintiffs seek amounts of unpaid benefits under the Plan, it is clear from the face of the Complaint Plaintiffs seek unpaid benefits. Because Plaintiffs' Complaint for breach of fiduciary duty is nothing more than a duplicate claim for denial of benefits, the Court grants Defendant's Motion for Judgment on the Pleadings as to Count II and dismisses Plaintiffs' claim for breach of fiduciary duty.

Therefore, the Court grants Defendant's Motion for Judgment on the Pleadings and dismisses Counts II, III and IV of Plaintiffs' Complaint, dismisses Plaintiffs' claim for punitive damages and strikes the demand for a jury. The Court will determine Plaintiffs' claim for wrongful denial of benefits upon the administrative record.

IT IS SO ORDERED.


September 12, 2008              S/Christopher A. Boyko
Date                            CHRISTOPHER A. BOYKO
                                United States District Judge